# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ROSS KLEIN, et al., § | |
| Plaintiffs, § | |
| v. § | No. 3:15-CV-2885-K (BF) |
| KATHLEEN NOVOTNY, et al., § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to United States Magistrate Judge Paul D. Stickney. Before the Court is Renewed Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) or Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) and/or § 1406(a) [ECF No. 43] ("Renewed Motion to Dismiss") filed by MONY Life Insurance Company of America ("Defendant"). Upon consideration, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Renewed Motion to Dismiss [ECF No. 43].

## BACKGROUND

Ross Klein, Klein Metals, Inc., and Klein Enterprises, Inc. ("Plaintiffs") allege that Defendant, through its agents Kathleen Novotny ("Novotny") and Your Path Financial, LLC ("Your Path") used a pre-packaged insurance program in order to induce Plaintiffs to invest trust assets and establish employee benefit programs in Defendant's insurance. Original Pet. 1, ECF No. 1-1. Plaintiffs allege that Novotny and Your Path promised them that investing plan trust assets in these annuities would provide tax deductions that were acceptable under the Internal Revenue Services's ("IRS") rules and regulations and secure large retirement benefits for the plan participants. Original Pet. 2, ECF No. 1-1. However, Plaintiffs contend that Defendant knew or should have known that the investments that they recommended were unsuitable, because the costs far exceeded any potential

benefits, and Defendants knew of less expensive options that were just as effective that they could have recommended. Original Pet. 2, ECF No. 1-1. Plaintiffs contend that Defendant knew or should have known that the favorable tax treatment for the recommended plans was dubious and would jeopardize the large deductions that Defendant touted. Original Pet. 2, ECF No. 1-1. Plaintiffs state that they commenced a lawsuit upon losing most of their investments to commissions, and because the IRS disallowed the plan contribution deductions. Original Pet. 2, ECF No. 1-1. Plaintiffs seek to recover the plans' losses, their attorneys' fees and costs, and equitable relief. Original Pet. 2, ECF No. 1-1. Plaintiffs contend that their damages are approximately $4,419,010.10. Original Pet. 2, ECF No. 1-1.

Plaintiffs originally filed suit in Dallas County, Texas ("Original Texas Action") on April 7, 2015. Pl.'s Ex. 6, ECF No. 45-1 at 118. Defendant did not file a special appearance or request a transfer of venue during the pendency of the Original Texas Action. Pl.'s Opp'n 7, ECF No. 44. However, Defendant did object to Plaintiffs' Third Amended Original Petition on the ground that Plaintiffs belatedly attempted to add Defendant to that lawsuit beyond the deadlines set by the state court. Pls.' Ex. 7, ECF No. 45-1 at 140. Another named defendant, Fifth Third Bank sought dismissal of the Original Texas Action on the same ground, and Defendant joined that motion and argued in favor of dismissal at the motion hearing. Pl.'s Opp'n 7, ECF No. 44. The court in the Original Texas Action granted that motion and dismissed the case without prejudice to re-filing. Pl.'s Opp'n 7, ECF No. 44. Plaintiffs re-filed their lawsuit in Dallas County, Texas on August 20, 2015. Pl.'s Opp'n 7, ECF No. 44. The case was removed to this Court on September 2, 2015. Notice of Removal, ECF No. 1. On March 4, 2016, Defendant filed its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) or Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) and/or

1406(a) [ECF No. 28] ("Motion to Dismiss"). In the response to Defendant's Motion to Dismiss, Plaintiffs requested leave to issue jurisdictional discovery. Resp. 20, ECF No. 32. The Court granted Plaintiffs' request and denied without prejudice Defendant's Motion to Dismiss to re-filing after Plaintiffs received the jurisdictional discovery. Order 3, ECF No. 42. Defendant subsequently filed its Renewed Motion to Dismiss on January 20, 2017.

## STANDARD OF REVIEW

"On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a *prima facie* case for the court's jurisdiction over a nonresident defendant." *Sourcing Mgmt., Inc. v. Simclar, Inc.*, 118 F. Supp. 3d 899, 907 (N.D. Tex. 2015) (citing *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). "When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a *prima facie* case that personal jurisdiction is proper[]; proof by a preponderance of the evidence is not required." *Id.* (citing *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003); *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* (citing *Stuart*, 772 F.2d at 1192). "Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff." *Id.* (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). "After a plaintiff makes its *prima facie* case, the burden then shifts to the defendant to present 'a compelling case that the presence of some other consideration would render jurisdiction unreasonable.'" *Id.* at 907-08 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). "The Court has the power to

3

exercise personal jurisdiction over a defendant only if the following conditions are satisfied: '(1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution.'" *Meng v. Nye*, No. 3:17-CV-77-M, 2017 WL 3421140, at *4 (N.D. Tex. Aug. 8, 2017) (quoting *In re Chinese-Mfd. Drywall Prods. Liab. Litig.*, 753 F.3d 521, 535 (5th Cir. 2014); *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.2d 174, 177 (5th Cir. 2013)). "Because '[t]he Texas long-arm statute extends to the limits of the Constitution,' only the second prong of the test is at issue." *Id.* (quoting *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008)).

## ANALYSIS

### Waiver

Plaintiffs argue that Defendant waived its right to contest personal jurisdiction, because it filed an answer in the Original Texas Action without contesting jurisdiction and served a discovery request. Pls.' Opp'n 13, ECF No. 44. Plaintiffs argue that Defendant's argument that it filed an Answer in the Original Texas Action, but not in the subsequently filed case that was removed to this Court is a distinction that does not make a difference, because Defendant waived personal jurisdiction for a case with the same causes of action and facts. Pls.' Opp'n 13, ECF No. 44. Plaintiffs argue that Defendant's willful appearance and issuance of discovery in a case with identical facts and parties is no less an expression of consent to jurisdiction than a contractual arbitration provision. Pls.' Opp'n 14, ECF No. 44. Plaintiffs cite in support of this argument cases from the Second Circuit, District of Rhode Island, and District of Massachusetts that have upheld contracts to litigate or arbitrate in particular forums. Pls.' Opp'n 14, ECF No. 44 (citing *Victory Transp. Inc. v. Comisaria Gen. de Abastecimientos y Transportes*, 336 F.2d 354, 363 (2d Cir. 1964);

4

*Microfibres, Inc. v. McDevitt-Askew*, 20 F. Supp. 2d 316, 322 (D.R.I. 1998); *Inso Corp. v. Dekotec Handelsges*, *mbH*, 999 F. Supp. 165, 167 (D. Mass. 1998); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lecopulos*, 553 F.2d 842, 844 (2d Cir. 1977)). Plaintiffs also contend that Defendant's conduct in this Court by participating in a scheduling conference and providing Plaintiffs a copy of its draft counterclaims is inconsistent with contesting jurisdiction and constitutes waiver. Pls.' Opp'n 15-16, ECF No. 44.

Defendant argues that, by dismissing the First Texas Action, Plaintiffs elected to abandon any procedural advantage, and the filing of a brand new action gave Defendant an opportunity to raise the jurisdiction issue again. Reply 2-3, ECF No. 46. Moreover, Defendant argues that Plaintiffs' contention that Defendant waived its jurisdictional objection or consented to jurisdiction by attending a court-ordered conferral among the parties in the federal court action or by providing a draft answer with counterclaims as part of the court-directed settlement discussions equally lacks merit. Reply 3-4, ECF No. 46. Defendant points out that the Joint Proposal for Contents of Scheduling and Discovery Order filed in this case expressly acknowledged Defendant's motion to dismiss or transfer for lack of personal jurisdiction. Reply 4, ECF No. 46; Joint Proposal 2, ECF No. 27. Defendant argues that Plaintiffs mischaracterize the cases they cite which actually do not support their waiver argument. Reply 4, ECF No. 46.

If a defendant does not "file a special appearance or challenge to jurisdiction before his general denial . . . Defendant submit[s] himself to the jurisdiction of the state court." *Hakemy v. Jackson*, No. 3:01-CV-272-P, 2001 WL 492378, at *1 (N.D. Tex. May 4, 2001) (citing *West v. City Nat'l Bank of Birmingham*, 597 S.W.2d 461, 464 (Tex. Civ. App.-Beaumont 1980, no writ)). "After removal, the federal court 'takes the case up where the state court left it off.'" *Id.* (quoting *Granny*

5

*Goose Foods v. Brotherhood of Teamsters*, 415 U.S. 423, 436 (1974)). Therefore, a defendant who files "his answer in state court without challenging the state court's personal jurisdiction . . . waive[s] his objection to personal jurisdiction in federal court." *Id.* While Defendant may have lost the right to contest personal jurisdiction in the Original Texas Action, that is not the case that was removed to this Court. The Court finds that the cases Plaintiffs reference pertaining to contractual arbitration provisions that preclude personal jurisdiction in other forums are distinguishable and should not be applied to reach an analogous conclusion.

The Court similarly finds that Defendant's conduct in participating in settlement discussions and agreeing to scheduling pursuant to the District Court's Order does not constitute waiver.

> Although the waiver issue turns on the particular circumstances of each case, the case law generally focuses on two main areas of inquiry: (a) the amount of time that elapsed between service of process and the filing of the defendant's motion under Rule 12(b)(2), and (b) whether defendant's active litigation of the case amounts to implicit consent to the court's jurisdiction.

*US LED, Ltd. v. Nu Power Assocs., Inc.*, Civ. Action No. H-07-783, 2008 WL 4838851, at *2 (S.D. Tex. Nov. 5, 2008) (citing *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1224 (S.D. Ala. 2006); *Brokerwood Int'l (US), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 380 (5th Cir. 2004)). Having considered these issues, the undersigned concludes that Defendant has not waived its jurisdictional defense. *Cf. TL Dallas (Special Risks), Ltd. v. Elton Porter Marine Ins. Agency*, No. 3:07-CV-419, 2008 WL 7627806, at *2 (S.D. Tex. Dec. 22, 2008) ("Hubbell claims that he does not have minimum contacts with the State of Texas. . . . Hubbell does not appear to have waived his jurisdictional defense through active litigation. . . . Hubbell has not conducted significant litigation activity without reasserting the defense. . . . Hubbell appeared at a Motion Hearing at the Court's request to discuss the individual Defendants' Motion to Dismiss. Hubbell has not waived this

defense.").

## General Jurisdiction

"'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as home.'" *Meng*, 2017 WL 3421140, at *4 (quoting *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 2846, 2853-54 (2011)). "Whether a corporation is 'at home' in a forum is determined by whether the corporation has sufficiently 'continuous and systematic contacts.'" *Id.* (quoting *Brown*, 564 U.S. at 2851). "General jurisdiction for a corporate defendant is a high bar." *Id.* "the Supreme Court cautions against its exorbitant exercise." *Id.* (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014)). "In all but exceptional circumstances, general jurisdiction exists only where a defendant is incorporated and headquartered." *Id.* (citing *Daimler AG*, 134 S. Ct. at 761 n.19).

Plaintiffs contend that general jurisdiction is satisfied, because Defendant's most recent annual statement shows that it received more than $51,000,000 in life insurance premiums from the state of Texas in 2015 alone, and the only state where it received more life insurance premiums was in California. Pls.' Opp'n 17, ECF No. 44. Plaintiffs also state that from 2011 through 2015, Defendant received more than $146,000,000 in life insurance premiums from Texas. Pls.' Opp'n 17, ECF No. 44. Defendant argues that it is not enough that Defendant is licensed to sell insurance products in Texas or that its sales in Texas are allegedly substantial and continuous (constituting 9.3% of its total national premium dollars in 2016), but the appropriate inquiry is whether Defendant's affiliations with Texas are so "continuous and systematic" that it is "essentially at home." Reply 5, ECF No. 46 (quoting *Daimler AG*, 134 S. Ct. at 761). Defendant argues that the

7

Supreme Court already rejected the notion that a corporation is subject to general personal jurisdiction in any state where its "sales are sizable" as an "exorbitant exercise[] of all-purpose jurisdiction." Reply 5, ECF No. 46 (quoting *Daimler AG*, 134 S. Ct. at 761). Defendant argues that while the Supreme Court in *Daimler* acknowledged that exceptional cases may exist where a corporation may be considered at home in a place other than its place of incorporation or principal place of business, Plaintiffs' argument that Defendant is at home in Texas because it receives twice as much premiums in Texas than in its home state of Arizona falls woefully short of satisfying the "incredibly difficult" burden of showing that Defendant is subject to general personal jurisdiction in Texas. Reply 6, ECF No. 46 (citing *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014); *Harco Americas, Inc. v. Instacoat Prem. Prods., LLC*, No. 4:14-CV-662, 2016 WL 7496169, at *3 (E.D. Tex. Dec. 5, 2016)).

Upon consideration of the foregoing, the undersigned agrees with Defendant that Plaintiffs failed to show that this is an exceptional case that warrants a finding that the Court has general personal jurisdiction over Defendant in Texas.

### **Specific Jurisdiction**

"For the Court to exercise specific jurisdiction over a nonresident who has not consented to suit in the forum, the nonresident must have contacts with the forum that 'arise from or are directly related to the cause of action.'" *Meng*, 2017 WL 3421140, at *5 (citing *Marathon Oil Co. v. AG Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999); *Helicopteros Nacionales de Colombia, SA v. Hall*, 466 U.S. 408, 414 (1984)). "In deciding whether there is specific jurisdiction, the Court focuses on 'the relationship between the defendant, the forum, and the litigation.'" *Id.* (citing *In re Chinese-Mfd. Drywall Prods. Liab. Litig.*, 753 F.3d at 529).

> The Fifth Circuit mandates a three-step inquiry for an analysis of specific jurisdiction: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* (citing *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014)). "If the plaintiff establishes the first two prongs, then the burden shifts to the defendant to show that the exercise of personal jurisdiction over it would not be fair or reasonable." *Id.*

"The minimum contacts test is a fact-intensive inquiry, the touchstone of which is whether the defendant's conduct shows that it reasonably anticipates being haled into court [in the forum]." *Id.* (quoting *McFadin v. Gerber*, 587 F.2d 752, 759 (5th Cir. 2009); *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006) (internal quotation marks omitted). "Specific jurisdiction cannot be established through random, fortuitous, or attenuated contacts, nor from the 'unilateral activity of a third party or another person.'" *Id.* (quoting *McFadin*, 587 F.3d at 759; *Burger King Corp.*, 417 U.S. at 475). "The Fifth Circuit has recognized that one way to establish minimum contacts is to show that 'a tortious act [forming the basis of the complaint] committed outside the forum state is purposefully or expressly aimed at the forum state.'" *Id.* (citing *Dontos v. Vendomation NZ, Ltd.*, 582 F. App'x 338, 344-45 (5th Cir. 2014)).

Plaintiffs argue that Novotny's representations in Texas as an agent for Defendant makes specific jurisdiction clear. Pls.' Opp'n 18, ECF No. 44. Plaintiffs state that Novotny has been licensed to sell insurance in Texas since at least 2009, and from 2009 through 2013, Novotny continued to represent that the PREPare Plan that was sold to Plaintiffs with Defendant's products was a tax compliant vehicle. Pls.' Opp'n 18, ECF No. 44. Plaintiffs contend that Novotny's

9

connection with the state of Texas and continued misrepresentations about the PREPare Plan that was funded with Defendant's products establish Defendant's minimum contacts with Texas sufficient to defeat Defendant's personal jurisdiction objection. Pls.' Opp'n 18, ECF No. 44. Plaintiffs further argue that Defendant has been licensed to sell insurance products in Texas for more than 40 years, and points out that Texas federal courts have held that an insurance license is a factor to consider when establishing jurisdiction. Pls.' Opp'n 18-19, ECF No. 44 (citing *Am. Gen. Life Ins. Co. v. Crosswhite*, No. H-09-1964, 2009 WL 3756956, at *6 (S.D. Tex. Nov. 6, 2009)).

Defendant argues that Plaintiffs have repeatedly asserted and clarified that their claims in this case relate to pre-investment (pre-2004) misrepresentations, but Plaintiffs now reverse their position with conclusory allegations that Novotny made misrepresentations to them after moving to Texas in 2009, five years after they adopted the plan. Reply 6-7, ECF No. 46. Defendant also argues that Novotny's alleged representations to Plaintiffs in 2009 are irrelevant to whether this Court has personal jurisdiction over Defendant, because Plaintiffs failed to make a *prima facie* showing that Novotny's alleged contacts with them in 2009 can be imputed to Defendant under an agency relationship. Reply 7, ECF No. 46 (citing *Walker v. Newgent*, 583 F.2d 163, 167 (5 Cir. 1978)). Defendant argues that Plaintiffs failed to make a *prima facie* showing that Novotny was Defendant's agent, because CJA, the plan promoter marketed the plan to its independent insurance agents, such as Novotny, and as an independent contractor, the actions of CJA and its agents like Novotny are not imputed to Defendant for jurisdictional purposes. Reply 8, ECF No. 46 (citing *Am. Bank, FSB ex rel. Am. Premium Fin. v. Auto-Owners Mut. Fire & Cas. Ins. Co.*, No. 4:10-CV-331-A, 2010 WL 3784282, at *4 (N.D. Tex. Sept. 27, 2010)). In addition, Defendant argues that Plaintiffs' allegations that Novotny made "continued misrepresentations about the PREPare Plan" after 2009, and that

"Novotny continued to represent that the PREPare Plan provided for tax deductible contributions through 2010" do not provide sufficient detail and are too conclusory to credit. Reply 9, ECF No. 46 (citing Klein Decl., ECF No. 33-1 at 24; *Lansing Trade Grp., LLC v. 3B Biofuels GmbH & Co., KG*, 612 F. Supp. 2d 813, 819 (S.D. Tex. 2009)).

Defendant further argues that even if Novotny made "suit-related" representations to Plaintiffs in or after 2009 that were attributable to Defendant, those representations do not create the requisite "minimum contacts" with Texas necessary to exercise personal jurisdiction over Defendant. Reply 9, ECF No. 46. Defendant argues that the alleged representations are incidental to the crux of Plaintiffs' claims that focus on pre-2004 misrepresentations. Reply 9, ECF No. 46. Defendant argues that Novotny moving to Texas to be closer to her family and allegedly making some unidentified misrepresentations to Plaintiffs in California 5 years after they adopted the plan do not satisfy the "touchstone of minimum contacts." Reply 9, ECF No. 46 (citing Novotny Decl., ECF No. 30 at 5; *Celanese Corp. v. Clariant Corp.*, No. 3:14-CV-4165-M, 2015 WL 10580916, at *4 (N.D. Tex. July 27, 2015)). Defendant argues that it "would not have 'reasonably anticipate[d] being haled into court' in Texas when it" agreed to insure an employee benefit plan marketed by an Illinois-based company and adopted by a California resident. Reply 9, ECF No. 46 (citing *Celanese Corp.* 2015 WL 10580916, at *4).

As Defendant argues, the crux of Plaintiffs' allegations arise out of Defendant's alleged misrepresentations that induced Plaintiffs to invest in the PREPare Plan in 2004. Original Pet. 10, ECF No. 1-1. Further, as Defendant argues, Novotny's 2009 move to Texas and any continued misrepresentations regarding the PREPare Plan fail to satisfy the "touchstone of minimum contacts," because Defendant "would not have 'reasonably anticipate[d] being haled into court' in Texas when

it" agreed to insure a plan that was marketed by an Illinois-based company and adopted by a California resident. Reply 9, ECF No. 46; *Celanese Corp.* 2015 WL 10580916, at *4. While Plaintiffs point out that Novotny has been licensed to sell insurance in Texas since at least 2009, Defendant has been licensed to sell insurance products in Texas for more than 40 years, and Texas federal courts have held that an insurance license is a factor to consider in connection with establishing jurisdiction, citing in support *American General Life Insurance Company v. Crosswhite*, that case discussed licenses in the context of general jurisdiction and stated that "[w]hile possession of a state business license is a factor a court may consider in ascertaining purposeful availment . . . in the absence of substantial and systematic business in the forum state a license does not in itself justify general jurisdiction." *Crosswhite*, 2009 WL 3756956, at *7 (citing *British Aviation Ins. Grp. v. Am. Eurocopter Corp.*, No. 3:96-CV-392-G, 1997 WL 118425, at *4-5 (N.D. Tex. Mar. 12, 1997)). Furthermore, in the context of specific jurisdiction, the court in *Crosswhite* explained that:

> The Fifth Circuit has made clear that merely contracting with a resident of a forum state is insufficient to support the exercise of personal jurisdiction. . . . Likewise, activities incident to the contract, such as mailing payments to the forum state and engaging in communications related to the contract, are insufficient to constitute minimum contacts in the absence of performance by the defendant within the state.

*Id.* at *6 (citing *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, 591 (5th Cir. 2003); *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004)). The court in *Crosswhite* went on to state that, "[b]ecause the defendants' contacts with Texas are not sufficient to constitute purposeful availment under Fifth Circuit precedent, the court concludes that [the plaintiff] has failed to make a *prima facie* case that the defendants are subject to specific personal jurisdiction in Texas." *Id.* Similarly, the alleged continued representation by Novotny five years after the plan was adopted is ancillary to the crux of the claims at issue in Plaintiffs' Petition. Moreover,

Novotny's decision to move to Texas to be closer to her family does not bear upon Defendant's purposeful availment of the privileges of conducting business in Texas. *Cf. Celanese Corp.*, 2015 WL 10580916, at *4 ("Plaintiff's relocation to Texas is the type of 'unilateral activity' that the Supreme Court has found entirely insufficient to justify the exercise of personal jurisdiction. . . . Celanese cannot unilaterally create personal jurisdiction over Clariant AG simply by moving its headquaters.").

Upon consideration of the foregoing, the undersigned concludes that Plaintiffs' claims against Defendant should be dismissed, because Plaintiffs failed to present a *prima facie* case that Defendant is subject to either specific or general personal jurisdiction in Texas.

## **Alternative Request to Transfer**

Defendant alternatively asks the Court to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a) and/or § 1406(a). Def.'s Br. 15, ECF No. 29. § 1404(a) permits the Court to transfer a case to a "district or division where it might have been brought" after considering the "convenience of the parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a); *In re Vokswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Factors to consider in determining whether to transfer under § 1404(a) include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The Court also considers: "(1) administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the

application of foreign law." *Id.*

"§ 1406(a) allows a transfer of venue 'where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits,' including the lack of personal jurisdiction." *Santander Consumer USA, Inc. v. Union Pontiac-GMC, Inc.*, No. 3:16-CV-2420-M, 2017 WL 2362046, at *5 (N.D. Tex. May 31, 2017) (citing *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5 Cir. 2013)). "Upon a finding that it lacks personal jurisdiction, a district court can correctly cite § 1406(a) for the authority to transfer a case if it is in the interest of justice." *Id.* (citing *Herman*, 730 F.3d at 466). "'The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.'" *Id.* (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)). "Courts 'generally prefer transfer to dismissal.'" *Id.* (quoting *Wolf Network, LLC v. AML Diagnostics, Inc.*, No. 3:15-CV-3797-B, 2016 WL 1357742, at *3 (N.D. Tex. Apr. 5, 2016)).

Defendant argues that Plaintiffs could have filed this case in their home district in the Central District of California, the place where they are located, where all of the alleged misrepresentations were made, and where the local interest is presumably the strongest. Def.'s Br. 16, ECF No. 29. Defendant further states that Novotny and Defendant could have been sued in California, and that other than Novotny, no witnesses or potential sources of proof are located in Texas. Def.'s Br. 16, ECF No. 29. Defendant also argues that, because Your Path did not come into existence until 2012, eight years after the alleged misrepresentations upon which Plaintiffs' claims are based, Your Path should be dismissed from this case, given that the only reason Your Path remained in this case was to serve as a "diversity spoiler," which is no longer an issue. Def.'s Br. 16, ECF No. 29.

Plaintiffs argue in their opposition that Defendant already urged its transfer arguments in the Central District of California and lost. Opp'n 19, ECF No. 44. In that case, the Central District of California court stated that it "decline[d] to exercise jurisdiction over th[e] declaratory judgment action[,]" because "[i]t [wa]s apparent to the Court that MONY filed the [] declaratory judgment action while in receipt of specific, concrete indications that a suit by Klein was imminent." Pl.'s Ex. 1, ECF No. 45-1 at 5. "Therefore, the Court exercise[d] its discretion to depart from the first-to-file rule and dismiss[ed] the case." Pl.'s Ex. 1, ECF No. 45-1 at 5. The Central District of California court further explained as follows:

> Although the anticipatory nature of MONY's suit is sufficient justification to depart from the first-to-file rule, the Court also finds that given the long history of litigation between primary parties to the pending Texas action (e.g., Klein and Novotny), and the fact that many of the interested parties in this matter are part of the pending Texas action but not the instant suit before this Court, the balance of convenience weighs in favor of allowing the parties to continue to litigate, as they have since 2013, in Texas.

Pl.'s Ex. 1, ECF No. 45-1 at 5 n.2.

Plaintiffs also argue that this case cannot be transferred, because there is no evidence that Your Path is subject to jurisdiction in California. Pls.' Opp'n 19, ECF No. 44. Plaintiffs argue that Defendant's argument that Your Path is a "diversity spoiler" lacks merit, because Your Path has always been wholly unnecessary for diversity purposes. Pls.' Opp'n 20, ECF No. 44. Furthermore, Plaintiffs argue that Your Path filed its answer in the Original Texas Action more than two years ago in December 2013 and has been represented by counsel for more than a year and half until July of 2015, and if Your Path was truly a "diversity spoiler" or an unnecessary party, it would have already been dismissed from this lawsuit. Pls.' Opp'n 20, ECF No. 44. Plaintiffs argue that the passage of more than two years since Your Path appeared in this lawsuit clearly belies Defendant's argument

15

that Your Path should be dismissed from this action. Pls.' Opp'n 20, ECF No. 44.

Upon consideration of the foregoing, the undersigned finds that this case should not be transferred to Central District of California. As Plaintiffs point out, it is not apparent to the Court that Your Path is subject to jurisdiction in California. In addition, while Defendant argues that Your Path should be dismissed from this case, Your Path has been a party to this action since December of 2013. As Plaintiffs further point out, the Central District of California court already found that the balance of convenience weighs in favor of continuing this litigation in Texas, given the long history of the litigation between the parties in Texas. *See Doescher v. Estelle*, 454 F. Supp. 943, 948 (N.D. Tex. 1978) ("Judicial comity is the principle in accordance with which the courts of one jurisdiction will give effect to the laws and judicial decisions of another jurisdiction, not as a matter of obligation but out of deference and respect.").

## **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the District Court GRANT Defendant's Renewed Motion to Dismiss [ECF No. 43] and dismiss Plaintiffs' claims against Defendant without prejudice.[1]

SO RECOMMENDED, this 22nd day of August, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

1. *See Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 665 (5th Cir. 2004) ("The district court's ruling on personal jurisdiction did not address the merits of plaintiff's allegations as to HLA and Brun, and, as a result, the claim against them should have been dismissed without prejudice for filing in an appropriate forum.").

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).